UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | | |
|---|---|---|---|---|
| **TONI ANN VALENTI,** | | * | CIVIL ACTION | |
| **Plaintiff,** | | * | NUMBER: | 2:24-cv-01118 |
| v. | | * | SECTION: | "R" (3) |
| **MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,** | | * * | | |
| **Defendant.** | | * | | |
| | * | * | * | |

## REPORT AND RECOMMENDATION

For the third time, Plaintiff Toni Ann Valenti seeks judicial review of a final decision by the Social Security Administration (SSA) denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[1] For the third time, the Commissioner of Social Security, now Martin O'Malley, has filed a motion to reverse that final decision and remand Plaintiff's claims to the SSA for further administrative proceedings.[2] Plaintiff consents to the Commissioner's Motion and agrees that reversal and remand would be the appropriate resolution of her claims by the Court at this time.[3] For the

---

[1] R. Doc. 1; *see also* R. Doc. 12 at 2–3.
[2] R. Doc. 13.; *see also* R. Docs. 9-9 at 42, 9-21 at 6.
[3] R. Docs. 13 at 1, 1 at 2.

1

following reasons, the undersigned recommends that the Motion be granted and that a judgment be entered reversing the challenged decision and remanding the above-captioned action, as requested, under the fourth sentence of 42 U.S.C. § 405(g).

## I. Law and Analysis

Sentence four of § 405(g) authorizes federal district courts "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See also Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A sentence-four remand order "terminates the litigation with victory for the plaintiff" and constitutes a final judgment on the remanded claims, divesting the district court of jurisdiction thereover once issued. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). The U.S. Court of Appeals for the Fifth Circuit has explained that sentence four "grants district courts 'wide discretion' to remand a case for further proceedings[,]" and regularly affirms sentence-four remand orders where "important and unresolved aspects of [the plaintiff]'s claim should first be addressed by the administrative law judge." *Davis v. Colvin*, 603 F. App'x 257, 258 (5th Cir. 2015) (quoting *Bordelon v. Barnhart,* 161 F. App'x 348, 352–53 n. 12 (5th Cir. 2005)). Accordingly, reversal of the Commissioner's denial of benefits and remand for further proceedings is appropriate under sentence four of § 405(g) where the administrative record is insufficient to support that denial and further fact-finding is necessary for

statutorily adequate resolution of the plaintiff's claims. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

Here, the Commissioner states the SSA "has further reviewed Plaintiff's case and determined that remand for further proceedings is warranted."[4] Based on this effective concession that the record before the Court remains insufficient to support the agency's third final decision denying Plaintiff's applications for social security benefits, reversal of that decision and remand for further proceedings is once again appropriate.

## II. Recommendation

Having reviewed the record, the parties' submissions, and the applicable law;

It is **RECOMMENDED** that the Commissioner's unopposed Motion to Reverse and Remand Pursuant to Sentence Four of Section 405(g) of the Social Security Act, R. Doc. 13, be **GRANTED**, and judgment be entered **REVERSING** the Administrative Law Judge's decision and **REMANDING** the case for further administrative proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been

---

[4] R. Doc. 13 at 1.

served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 16th day of September, 2024.

                              **EVA J. DOSSIER**
                       **UNITED STATES MAGISTRATE JUDGE**