UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| T.V. | CIVIL ACTION |
| VERSUS | NO. 24-1118 |
| SOCIAL SECURITY ADMINISTRATION | SECTION: "R" (3) |

### REPORT AND RECOMMENDATION

Before the Court, on referral for preparation of a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B), is an unopposed Motion for Attorney's Fees filed by Plaintiff T.V. (R. Doc. 17). Plaintiff asserts she is entitled to an award of attorney's fees as the prevailing party in this action under 28 U.S.C. § 2412(d).[1] She requests fees for 32 of her counsel's 33.9 hours expended on this case at an hourly rate of $234, for a total of $7,488.[2] Defendant the Social Security Administration ("SSA") does not object to the relief requested and makes no challenge to Plaintiff's requested hourly rate or the number of hours expended.[3] Having carefully considered Plaintiff's briefing in the light of the applicable law and record facts, the undersigned recommends Plaintiff's unopposed Motion be granted.

When not provided otherwise by statute, Section 2412(d) directs that courts "shall award to a prevailing party other than the United States" attorney's fees "incurred by that party in any civil action . . . including proceedings for judicial review

---

[1] R. Doc. 17-2 at 1.
[2] R. Doc. 17-1 at 3.
[3] R. Doc. 17-2 at 1–3.

of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." It is well established that a Social Security claimant who, like Plaintiff, obtains a remand of her application for further consideration by an Administrative Law Judge ("ALJ") under the fourth sentence of 42 U.S.C. § 405(g), qualifies as a prevailing party under Section 2412(d). *See, e.g.*, *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The SSA does not argue that the award Plaintiff requests would be unjust, nor that its position was substantially justified. Indeed, the SSA itself ultimately moved for remand of Plaintiff's claim, stating it had "further reviewed Plaintiff's case and determined that remand for further proceedings [wa]s warranted."[4] Plaintiff is thus entitled to an award of attorney's fees under Section 2412(d).

The Court must then determine the appropriate quantum of that award. 28 U.S.C. § 2412(d)(2)(A) limits attorney's fees awarded under that statute to no more than $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Because that statutory limit was set in 1996, almost thirty years ago, courts routinely approve cost of living increases to the $125 hourly rate based on the Consumer Price Index ("CPI") prepared by the United States Bureau of Labor and Statistics. *See, e.g.*, *Smith v. O'Malley*, 2024 WL 5159280, at *2 (E.D. La. Dec. 18, 2024) (collecting cases). Pointing to the CPI, Plaintiff requests

---

[4] R. Doc. 13 at 1.

fees at an hourly rate of $234.[5] This rate is within the range courts in this District regularly approve as reasonable cost of living adjustments under Section 2412(d)(2)(A). *See id.* (approving cost of living increase from $125 to $239.73 hourly). Moreover, the SSA does not object to Plaintiff's requested rate. The Court thus finds that a cost of living adjustment from the $125 statutory limit to $234 hourly rate is justified and permissible under Section 2412(d)(2)(A).

Plaintiff requests fees at that rate for 32 hours her counsel expended on this litigation. The fee applicant bears the burden of showing that the time expenditures for which fees are sought is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Fee applicants are expected to exercise "billing judgment" by making "a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary[;]" i.e., hours that were not reasonably expended. *Id.* at 343, 347. The SSA does not challenge Plaintiff's assertion that her counsel reasonably expended 32 hours, and courts regularly determine comparable time expenditures to be reasonable in similar cases. *See Smith*, 2024 WL 5159280, at *3 (collecting cases). Additionally, Plaintiff has exercised billing judgment by omitting certain hours from her fee request.[6] The Court thus finds that Plaintiff's counsel's expenditure of 32 hours in this matter is reasonable.

---

[5] R. Doc. 17-2 at 2.
[6] R. Doc. 17-1 at 2–3.

Having so determined, as the prevailing party under Section 2412(d), Plaintiff is entitled to an award of attorney's fees for 32 hours at an hourly rate of $234. This totals the requested $7,488. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees (R. Doc. 17) be **GRANTED** and that Defendant be ordered to remit to Plaintiff $7,488 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of January, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

4